IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERTHA BETANCO and
PAULINE BETANCO,

        Plaintiffs,

  vs.                                                  CIVIL NO.   01-23 LFG/WWD

WAL-MART, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT,
## REMANDING THE CASE TO STATE COURT,
## AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEY FEES

THIS MATTER is before the Court on Plaintiffs' Motion to File a First Amended Complaint by Adding Addition [sic] Defendant [Doc. 43].  Defendant Wal-Mart, Inc. opposes the motion.  Due to a quickly approaching statute of limitations, the Court ordered expedited briefing on the opposed motion.  The Court has since considered the motion, response and reply and finds that Plaintiffs' motion is well-taken and will be granted, and this case will be remanded to state court.

### Background

Plaintiffs filed suit against Wal-Mart as a result of an assault and battery occurring in the Wal-Mart parking lot.  The Plaintiffs were customers and allege that they were attacked and stabbed by a purse snatcher.

In preliminary disclosures, and thereafter in discovery, Defendant provided information concerning a service agreement between Wal-Mart, Inc. and Employees Protective Services ("EPS").  The agreement provided that EPS, under the direction and control of Wal-Mart, was to provide

certain services for parking lot patrol. Thus, Plaintiffs contend that even though they knew that EPS was the entity providing security services, those services were to be provided under Wal-Mart's direction. Because Wal-Mart has a duty to keep its premises reasonably safe from attacks by third persons, <u>Valdez v. Warner</u>, 106 N.M. 305, 742 P.2d 517 (Ct. App. 1987), Plaintiffs brought their action against Wal-Mart.

Two hours before the assault and battery on Bertha and Pauline Betanco, the same assailant attacked another victim in the same parking lot. Plaintiffs state that at a recent deposition of Matt Collins, they learned that no additional security measures were taken by Wal-Mart after the first attack; and, further, that Defendant Wal-Mart contended that it did not know of the first attack in its parking lot. It was unclear whose employees, Wal-Mart's or EPS's, would have been on the parking lot at the time of the first attack.

Plaintiffs seek to add EPS as an additional party defendant, stating that the Collins' deposition provided a factual basis for a theory of liability against EPS based on their contract to provide security at certain times under Defendant Wal-Mart's direction and control.

Wal-Mart opposes the request to amend, stating that it comes just before the close of discovery and, therefore, should be considered untimely. Wal-Mart contends that Plaintiffs were aware of the service agreement between Wal-Mart and EPS in late spring or early summer, and that documents which Wal-Mart provided to Plaintiffs during discovery included the security incident report on the letterhead of EPS. This information was provided to Plaintiffs in late May. Thus, Wal-Mart argues that Plaintiffs' tardiness in seeking to amend the complaint should serve as a basis for the Court's refusal to allow a new party to be added at this juncture.

Secondly, Wal-Mart contends that EPS is involved in a bankruptcy proceeding pending in the United States Bankruptcy Court for the District of New Mexico, and, thus, the amendment as proposed by Plaintiffs would be futile.

Finally, Wal-Mart argues that allowing the amendment would destroy diversity and thus rob the Court of its jurisdiction.

### Analysis

In exercising its discretion to allow amendments, the Court should take into account the following factors: (1) Plaintiffs' motivation in seeking to amend; (2) whether Plaintiffs have unreasonably delayed to Defendant's prejudice; (3) whether state law issues predominate so there is a lack of significant federal interest; and (4) the parties and the Court's interest in avoiding duplicative litigation when facts and issues overlap. 28 U.S.C. § 1447(e). Mammano v. American Honda Motor Co., 941 F. Supp. 323, 325 (W.D.N.Y. 1996). A consideration of these factors compel the Court to allow the amendment and to remand the case to state court.

First, there is no indication that Plaintiffs are merely seeking to defeat diversity jurisdiction by adding EPS as a defendant. Indeed, had this been Plaintiffs' motivation, and with Wal-Mart's argument that Plaintiffs were aware of EPS's existence and role, Plaintiffs would certainly have sought to defeat federal jurisdiction months ago. Here, it is apparent that the recent deposition provided Plaintiffs with a factual predicate authorizing it to expand its legal theories so as to include EPS as a party defendant.

Plaintiffs state they didn't add EPS earlier because Wal-Mart led them to believe that EPS had no authority or control over security measures in the parking lot, but rather simply provided employees to carry out Wal-Mart's security plan, and, further, that EPS employees were not on duty

3

at a critical time relative to the liability. It was only at the mid-July deposition, Plaintiffs argue, that they discovered that EPS did have some autonomy on how it carried out its security functions, and that EPS employees were on duty earlier than Plaintiffs originally thought. Plaintiffs argue that Wal-Mart was in control of this information throughout discovery and was in a far better position to ferret out the work schedule and division of responsibility between its own employees and EPS, and critical facts concerning the scheduling and responsibilities were not discovered until recently.

The federal interest in this case arises only as a result of the Court's diversity jurisdiction and the amount in controversy. However, New Mexico's substantive law, as set forth in Valdez v. Warner, controls the issue of liability and damages. Blanke v. Alexander, 152 F.3d 1224 (10th Cir. 1998). Thus, there is no overwhelming need for the Court to retain their case if it is more appropriately tried in state court.

Finally, accepting Wal-Mart's argument would certainly result in Plaintiffs filing a separate lawsuit against EPS in state court. This would split Plaintiffs' causes of action and bring forth all the problems inherent in parallel litigation. Litigating two lawsuits instead of one would certainly increase the costs for all parties and contribute to delay. Parallel litigation is a poor utilization of precious court resources, both on a state and federal level. Proceeding with two lawsuits promotes inefficiency and raises the potential of inconsistent rulings and dispositions. These matters can all be avoided if Plaintiffs' claims are joined in one lawsuit.

The bankruptcy may delay state litigation, but that matter may be addressed by a request to the U.S. Bankruptcy Court to lift the automatic stay.

The Court determines that good cause has been shown for allowing Plaintiffs to amend their complaint. Accordingly, Plaintiffs' motion is granted, because allowing the amendment does, indeed,

4

destroy federal jurisdiction, this case will be remanded to the state court for further proceedings.

IT IS HEREBY ORDERED that Plaintiffs' motion to file an amended complaint [Doc. 43] is granted, and they are given leave to file a First Amended Complaint within ten days from the date of this order.

IT IS FURTHER ORDERED that, once the First Amended Complaint is filed, but not before, this case is remanded to state court; and,

IT IS FURTHER ORDERED that Plaintiffs' request for attorneys' fees in connection with this motion is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFFS:
James R. Toulouse, Esq.
David L. Plotsky, Esq.

ATTORNEY FOR DEFENDANT:
W. R. Logan, Esq.